ZEIGLER v. MOBILE & O. R. CO. See Cases Nos. 4,137–4,139.

---

## Case No. 18,207.

### ZELLWEGER v. The ROBERT COOPER.

[N. Y. Times, Dec. 2, 1852.]

District Court, S. D. New York. 1852.

SHIPPING — RIGHTS OF PASSENGERS — DELAY IN SAILING.

[Plaintiff engaged passage in a ship from New York to California, paid his passage money, and obtained a receipt therefor. Becoming dissatisfied at the delay in sailing, he complained to the ship's agent, who thereupon added to the receipt the words "Ship to sail 27th October." Before that day plaintiff demanded his passage money back, which was refused, but half of it was tendered to him. This he refused, and on Nov. 7th the ship sailed without him. It was claimed that the delay beyond Oct. 27th was caused solely by storms. Held, that as plaintiff, before that date, had determined not to take passage in the ship, he had no cause of complaint that she did not sail on that day, and that under the circumstances he should have a decree for one-half the money, leaving the rest as indemnity to the ship for expenses in preparation for carrying him on the voyage.]

JUDSON, District Judge. This was a suit to recover back money paid for a passage to San Francisco. On the 29th of September, 1850, the libellant [Charles Zellweger] applied to Edmund Kimball, Jr., ship agent, for a passage from New York to San Francisco, in that ship, and paid for his passage money $250, for which the agent gave his receipt in the following words: "Received, New York, September 26, 1850, from Mr. Charles Zellweger, $250, for passage of himself to San Francisco, California, in the cabin of ship Robert Cooper. E. Kimball, Jr., Agent for Ship." From this day the ship was engaged in taking in her freight, and the libellant was in waiting. On the 21st or 22d of October, 1850, the libellant becoming uneasy by the ship's delay, called on Kimball, and complained of the delay, and after some conversation between the parties, it was arranged that the ship agent should write at the foot of the receipt these words, "The ship to sail 27th October;" and with this remonstrance added to it the receipt was returned to the libellant. It is very evident, therefore, that by this memorandum all previous arrangements as to the time of the sailing of the ship and the previous delay, were waived by the libellant, and both parties expressed their satisfaction in the change of time. Four or five days after the memorandum was added to the receipt, the libellant, accompanied by a witness, called again on the ship's agent, and demanded that the passage money be refunded, in order that he might go over the isthmus. Kimball refused to refund the money, and notified the libellant that he might live on board at the expense of the ship, or board on shore until she sailed. After this interview, Kimball by direction of the

master, offered to pay back half the passage money, which was refused, and this suit is brought to recover the whole.

The ship sailed on the 7th of November without the libellant, and the owners retained the money, and claim that, by law and custom of the city, the libellant has forfeited his right to its return. It was testified, that between the 26th October, and the 7th November, the weather was stormy, and unsafe for vessels to proceed to sea upon a long voyage. The vessel was therefore excused from going to sea on that account, and her remaining in port until the 7th of November was no violation of the stipulation contained in the memorandum. But be that as it may, the libellant has no cause of complaint that the ship did not sail on the 27th October, having determined before that day, not to take passage in her, relying upon his right to recover back his money. Under these circumstances, the libellant may have a decree for $125, without interest or costs; the other half of the money to remain in the hands of the ship owners, as an idemnity for the money expended on their part to convey the libellant in their ship to San Francisco. No costs to be taxed to either party.